UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| BOBBY D. CANADA ) | |
| ) | |
|    *Petitioner*, ) | |
| ) | |
| v. ) | No. 3:04-cv-177 |
| ) | *Jarvis* |
| ) | |
| VIRGINIA LEWIS, Warden ) | |
| ) | |
|    *Respondent*. ) | |

## MEMORANDUM

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Bobby D. Canada ("Canada"). The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent, and Canada's response thereto. For the following reasons, the motion to dismiss [Court File No. 7] will be **GRANTED**; and this action will be **DISMISSED WITH PREJUDICE**.

I.  Standard of Review

Under Rule 8 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that Canada is not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

The Attorney General has provided the court with copies of the relevant documents pertaining to Canada's post-conviction proceedings. [Court File No. 6, Notice of Filing of Documents, Addenda 1-7]. Canada was indicted for first degree murder and aggravated arson; he pled guilty to second degree murder and setting fire to personal property, and was sentenced to consecutive sentences of twenty years and five years, respectively. *Canada v. State*, No. E2003-00804-CCA-R3-PC, 2003 WL 22927140 (Tenn. Crim. App. December 11, 2003) [Addendum 5], *perm. app. denied, id.* (Tenn. March 22, 2004) [Addendum 7].

Canada filed a petition for post-conviction relief, in which he alleged ineffective assistance of counsel and an involuntary guilty plea. The petition was denied by the trial court after an evidentiary hearing, and the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *Id*.

The post-conviction appellate court summarized the facts of the crime as follows:

> At the plea hearing, the State and the petitioner stipulated and agreed to the following factual account:
>
> That in Campbell County, Tennessee, on or about the 15th of December of 1998, that the [petitioner], did aid and abet Joseph Prewitt in the unlawful, felonious, and intentional killing of Charles Wayne Bryant.
>
> Furthermore, that on the same date in Campbell County, Tennessee, that [petitioner] did aid and abet Joseph Prewitt in the unlawful, felonious, and knowingly damaging of personal property, an automobile, by fire, with the intent to destroy the property for an unlawful purpose.

*Id*., slip op. at 2, 2003 WL 22927140 at *1.

Canada alleges, in support of his pending habeas corpus petition, the same two grounds he raised in his state post-conviction petition: (1) ineffective assistance of counsel and (2) involuntary guilty plea. The Attorney General contends the respondent is entitled to judgment as a matter of law based upon the findings of the Tennessee state courts.

3

III.     Discussion

*A. State Court Findings*

Pursuant to 28 U.S.C. § 2254(d), Canada may not obtain federal habeas corpus relief with respect to a claim that was adjudicated on the merits in a state court proceeding unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was not reasonably supported by the evidence presented to the state court. In addition, findings of fact by a state court are presumed correct and Canada must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). Canada has failed to rebut, by clear and convincing evidence, the findings of the state courts and they will be presumed correct by this court.

The Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), clarified the distinction between a decision "contrary to," and an "unreasonable application of," clearly established Supreme Court law under § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision "involves an unreasonable application of clearly established Federal law" only where "the state court's application of clearly established federal law was objectively

4

unreasonable." *Id*. at 409. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

*B. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Canada must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

5

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of *Strickland* also applies to ineffective assistance of counsel claims in cases involving guilty pleas, such as Canada's. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

Canada alleges his attorney rendered ineffective assistance of counsel by failing to (1) obtain a ruling from the trial court on the motion to dismiss for lack of jurisdiction and (2) hire an independent forensics expert, rather than relying on the co-defendant's expert. As noted, these claims were raised in state post-conviction proceedings.

In considering Canada's allegations of ineffective assistance of counsel, the Tennessee Court of Criminal Appeals noted that the standard of review is the two-prong test set forth in *Strickland v. Washington*. *Id*., slip op. at 1-2, 2003 WL 22927140 at *2. The court of

criminal appeals further noted: "When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial." *Id.*, slip op. at 2, 2003 WL 22927140 at *1 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

With these standards in mind, the Tennessee Court of Criminal Appeals rejected Canada's allegations of ineffective assistance of counsel:

> The petitioner first argues that his counsel was ineffective by failing to pursue a motion that was filed alleging lack of jurisdiction because the murder occurred in Kentucky. A motion to dismiss the murder charge was filed by defense counsel on February 4, 2000. Apparently, the motion was never ruled on. Counsel [sic] has failed to show how he was prejudiced by the lack of a ruling on the motion. The record contains no evidence that the petitioner would have prevailed on the motion. In fact, it is likely that the motion would have been denied, and the State would have been allowed to prove the location of the murder at trial. Counsel informed the petitioner that if they did not prevail on the jurisdiction issue, he might be convicted of first degree murder and sentenced to death. The plea agreement would no longer be available at that point.
>
> Additionally, the petitioner agreed to a stipulation at the plea hearing that the murder occurred in Tennessee. A forensic examination of the site where the petitioner claims the murder occurred did not reveal any evidence that the murder occurred in Kentucky. The only indication that the murder did not occur in Tennessee is the denial by the defendant. Counsel made a tactical decision based on the slight likelihood that they would prevail on the motion and the possible severe consequences if they did not. The denial by the petitioner that the murder occurred in Tennessee will not suffice as clear and convincing evidence that the petitioner was prejudiced by the lack of a ruling on the motion to dismiss.

7

> The petitioner also argues that his counsel was deficient by failing to procure the services of an independent forensic expert. The forensic expert relied on by counsel was actually hired by the petitioner's co-defendant. The petitioner claims that the co-defendant's interests were antagonistic to his interests. While this may be true, he has failed to show that the tests by the independent forensic expert were in any way deficient. The petitioner has failed to show that he was prejudiced by counsel's reliance on an independent forensic expert obtained by the co-defendant.

*Canada v. State*, slip op. at 3, 2003 WL 22927140 at **2-3.

As noted earlier in this opinion, Canada has failed to rebut, by clear and convincing evidence, the findings of the state courts and they are presumed correct by this court. Canada was indicted for first degree murder and faced the death penalty. Had his attorney pursued the motion to dismiss, and been unsuccessful, Canada might have been convicted of first degree murder. This court will not second-guess counsel's tactical decision. In addition, Canada does not state how he was prejudiced by counsel's reliance on the co-defendant's forensic expert.

This court concludes that the appellate court's determination that Canada received the effective assistance of counsel was neither contrary to, nor did it involve an unreasonable application of, federal law as established by the U.S. Supreme Court in *Strickland v. Washington* and *Hill v. Lockhart*. Accordingly, Canada is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel.

### C. Involuntary Guilty Plea

8

In 1969, the United States Supreme Court held that, prior to accepting a guilty plea, a state criminal court judge must affirmatively determine that the plea is "intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The judge must ensure that the defendant understands that he is waiving several federal constitutional rights: his right to a trial by jury, his right to confront the witnesses against him, and his privilege against self-incrimination. *Id*. at 243-44. The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

Canada alleges that his guilty plea was not voluntary because he refused to enter a guilty plea until trial counsel admittedly "strongly advocated" that he accept the plea offer; Canada thus claims that he was coerced into pleading guilty. Canada also relies on the fact that trial counsel could not specifically remember, at the post-conviction hearing, reviewing the plea form in detail with Canada prior to entry of the plea.

In considering Canada's allegation that his plea was not knowing or voluntary, the Tennessee Court of Criminal Appeals noted that the standard of review is whether the plea was "voluntarily, knowingly, and understandingly entered." *Canada v. State*, slip op. at 4, 2003 WL 22927140 at *3 (citing *Boykin v. Alabama*, 395 U.S. at 242-244). The appellate court also noted the following:

> To assess whether a guilty plea was voluntary, we must "consider all of the relevant circumstances that existed when the plea was entered." These circumstances include the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Id.* (quoting *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App.1995)) (citation omitted).

With these standards in mind, the Tennessee Court of Criminal Appeals rejected Canada's allegations that his guilty plea was not knowing and voluntary:

> As the United States Supreme Court has noted, a petitioner's testimony at a guilty plea hearing "constitutes a formidable barrier" in any subsequent collateral proceeding because "solemn declarations in open court carry a strong presumption of verity." The plea agreement was executed on January 5, 2001. The post-conviction hearing was held on March 7, 2003. During the plea hearing, the petitioner agreed that counsel had reviewed the plea agreement with him. Counsel's failure to remember specifically reviewing the plea form with the petitioner over two years later does not prove by clear and convincing evidence that the petitioner is entitled to relief.
>
> During the plea hearing, the petitioner stated that he could read and write. He further indicated that he had read and understood the plea agreement. The record reflects that the petitioner was thoroughly questioned during the entry of his guilty plea and answered in a fashion that left no questions as to his knowing and voluntary act. The answers given by the petitioner in the entry of his guilty plea are incompatible with his post-conviction claim. The petitioner voluntarily pled guilty and denied any coercion. He acknowledged that he understood the terms of the plea bargain and desired to plead guilty. The petitioner also expressed his satisfaction with trial counsel. The trial court credited the petitioner's testimony at his guilty

10

> plea hearing over his post-conviction testimony. Nothing in the record before us dispels the reliability of the petitioner's testimony at his guilty plea hearing. The petitioner has failed to prove by clear and convincing evidence that his guilty pleas were not knowing or voluntary.

*Id.*, slip op. at 4, 2003 WL 22927140 at **3-4 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73 (1977)).

As noted by the state court, the test is whether Canada understood he was pleading guilty and the rights he was giving up by entering such a plea. The fact that counsel strongly urged Canada to plea guilty to second degree murder, in order to avoid a conviction for first degree murder and a possible death sentence, does not render Canada's guilty plea involuntary. Again, this court will not second-guess counsel's trial strategy.

This court concludes that the appellate court's determination that Canada's guilty plea was a knowing, voluntary, and intelligent plea was neither contrary to, nor did it involve an unreasonable application of, federal law as established by the U.S. Supreme Court in *Boykin v. Alabama*. Accordingly, Canada is not entitled to habeas corpus relief on this claim.

IV.    Conclusion

Petitioner Canada is not entitled to habeas corpus relief and for that reason the respondent's motion to dismiss will be **GRANTED**. Canada having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c). The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Canada leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                  *s/  James H. Jarvis*
                                        UNITED STATES DISTRICT JUDGE