UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| BOBBY D. CANADA | ) | |
| | ) | |
|    *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:04-cv-177 |
| | ) | *Jarvis* |
| | ) | |
| VIRGINIA LEWIS, Warden | ) | |
| | ) | |
|    *Respondent*. | ) | |

## MEMORANDUM AND ORDER

This petition for the writ of habeas corpus was denied and petitioner appealed. The Sixth Circuit has remanded the case for the limited purpose of determining whether the notice of appeal may be treated as a motion for extension of time, under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, and, if so, for a ruling on the motion for extension of time. For the following reasons, the court will treat the notice of appeal as a motion for extension of time, and the motion for extension of time is **DENIED**.

The order dismissing this case was entered September 1, 2005. Petitioner filed his notice of appeal on October 6, 2005.[1] The Sixth Circuit ordered petitioner to show cause why his appeal should not be dismissed as untimely. In response, he stated that he received the order of dismissal on September 6, 2005. As noted by the Sixth Circuit in its order of remand, petitioner stated in his notice of appeal that he was appealing from the order entered on September 6, 2005. Under these circumstances, the court will consider the notice of appeal as a motion for extension of time, for 30 days after receipt of the judgment order, to file a notice of appeal.

Pursuant to Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, a district court may extend the time for filing a notice of appeal if the party "shows excusable neglect or good cause." Petitioner has made no such showing in this case. The notice of appeal simply states, in one sentence, that petitioner appeals from the judgment order dismissing his habeas corpus petition. Petitioner has given no reason why he could not have filed the notice of appeal soon after receiving his copy of the judgment order, instead of waiting 30 days to do so. Accordingly, the motion for extension of time to file a notice of appeal is **DENIED**.

**E N T E R:**

                                            s/ James H. Jarvis
                                          United States District Judge

---

[1] The notice of appeal was received by the Clerk's Office on October 11, 2005. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on October 6, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

2